

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
JOHN BEN SHEPPERD
ATTORNEY GENERAL

Hon. Joe Gordon
County Attorney
Gray County
Pampa, Texas

Dear Sir:

Opinion No. 0-1808
Re: Can a county legally pay its sheriff mileage or other remuneration for the transportation of convicts sentenced in the district court of a county to the penitentiary at Huntsville?

Your request for an opinion on the above stated question has been received by this department.

Article 6166r of Vernon's Civil Statutes regarding the transportation of prisoners reads as follows:

"The manager shall make suitable provision and regulations for the safe and speedy transportation of prisoners from counties where sentenced to the State penitentiary by the sheriffs of such respective counties if such sheriffs are willing to perform such services as cheaply as said commission can have it done otherwise. Said transportation shall be on State account and in no instance shall the prisoners be carried direct from the county jails to the State farm, but shall first be carried to the receiving station as designated by the Prison Board where the character of labor which each prisoner may reasonably perform shall be determined. Upon the arrival of each prisoner at such receiving station, the manager shall cause a statement to be made by the prisoner, giving a brief history of his life, and showing where he has resided, the names and postoffice addresses of his immediate relatives, and such other facts as will tend to show his past habits and character; and the manager shall, by correspond-

ence, or otherwise verify or disprove such
statements, if practicable, and shall preserve
the record and information so obtained for
future reference."

It is apparent from the above quoted statute
that the duty to see that prisoners are transported to
the penitentiary rests upon the manager of the Prison
System. Under this statute he would have the authority
to employ the sheriff of a county in which a person
was convicted to transport such person to the peniten-
tiary after his conviction upon such terms and for such
compensation as was reasonable, and at the same time
agreeable to said manager and to the sheriff so employ-
ed. When a sheriff acts under an agreement with the
general manager of the Prison System to transport con-
victs to the penitentiary, then it is up to the Prison
System to pay him such compensation as was agreed upon
between the parties. However, after a diligent search,
we fail to find any authority which would require, or
even permit, the county to pay mileage or any other
remuneration for the transportation of convicts sen-
tenced in the district court of a county to the peniten-
tiary at Huntsville. The county could certainly not
pay the same unless authorized to do so by some statute
either expressly or by necessary implication.

In opinion written December 14, 1932 by Honor-
able Homer C. DeWolfe, Assistant Attorney General, di-
rected to Honorable L. C. Hurt, County Auditor of Bell
County, this department held that a county is without
authority to pay the sheriff for the expense of trans-
porting a convict to the penitentiary and that the
state is also without authority to pay this expense other
than is provided in Article 6166r, Vernon's Annotated
Civil Statutes. This opinion further holds that the
sheriff can be compensated for the transportation of
prisoners by the manager of the Prison System only when
there is an agreement with the sheriff to transport such
prisoners.

In opinion written August 13, 1932 by Honorable
Scott Gaines, Assistant Attorney General, addressed to
Honorable Leslie Neill, County Attorney, Tyler, Texas,
this Department held that a Commissioners' Court is with-

Hon. Joe Gordon, page 3

out authority to allow a sheriff payment from county
funds for expenses of the sheriff in transporting pri-
soners from a county jail to the penitentiary.

In view of the foregoing authorities you are
respectfully advised that it is the opinion of this de-
partment that a county cannot legally pay its sheriff
mileage or any other remuneration for the transportation
of convicts from the counties where such convicts are
convicted to the penitentiary at Huntsville.

Trusting that the above fully answers your in-
quiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams

Ardell Williams
Assistant

AW:ob

Approved: Jan. 10, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
By BWB
Chairman

WJF